IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JACOB HERNDON, ID # 17050746,    ) | |
| Plaintiff,    ) | |
| vs.    ) | No. 3:17-CV-3465-B-BH |
| ) | |
| SCOTTRADE, CHASE,    ) | |
| Defendants.    ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for judicial screening. Based on the relevant filings and applicable law, the case should be **DISMISSED** as frivolous.

**I. BACKGROUND**

Jacob Herndon (Plaintiff), a former inmate in the Dallas County Jail,[1] filed this case under 42 U.S.C. § 1983 against Scottrade, Chase and unnamed private investigators (Defendants) for alleged violation of his civil rights. (doc. 3 at 1, 3;[2] doc. 14 at 1, 2, 5.[3]) He claims that he deposited a "Chase check into Scottrade Brokage [sic] firm" and was "told that the check must clear before use of funds within a 10 to 15 day grace period thus funds will be made available." (doc. 3 at 4.) He opened checking and savings accounts and received a card, which he used while traveling, but it was denied. (*Id.*) When he inquired about the denial, he was informed that there was something wrong with the check, the funds were not available, and his accounts would be closed. (*Id.* at 6.) He contends that the funds were seized without justifiable cause, and that he lost his investment in

---

[1] Plaintiff is currently an inmate in the Denton County Jail. (*See* doc. 21.)

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[3] The plaintiff's verified answers to a magistrate judge's questionnaire constitute an amendment to her complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

his company that he had set up. (*Id.*) He claims that Defendants are state actors because they are members of a reserve bank, which is a fiscal agent of the United States, making the banks actors of the state and agents of the United States. (doc. 14 at 3-4.) He seeks $1,000,000 in damages from each defendant for the loss of his business. (*Id.* at 1-2, 5.) No process has been issued in this case.

## II.  PRELIMINARY SCREENING

Plaintiff is an inmate who has been permitted to proceed *in forma pauperis*. As a prisoner, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

## III.  SECTION 1983

Plaintiff sues under 42 U.S.C. § 1983 for alleged violations of his constitutional rights.

Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United

2

States" and "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005). "Under color of state law" excludes from its reach purely private conduct, no matter how discriminatory or wrongful. *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982).

In some circumstances, a private party may be acting "under color of state law" and held liable under § 1983. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970). For example, in *Priester v. Lowndes Cty.*, 354 F.3d 414 (5th Cir. 2004), *cert. denied*, 543 U.S. 829 (2004), the Fifth Circuit explained that "[f]or a private citizen . . . to be held liable under section 1983, the plaintiff must allege that the citizen conspired with or acted in concert with state actors." *Id*. at 420 (citing *Mylett v. Jeane*, 879 F.2d 1272, 1275 (5th Cir. 1989) (per curiam)). The plaintiff must allege: (1) an agreement between the private and public defendants to commit an illegal act, and (2) a deprivation of constitutional rights. *Id.* Here, Plaintiff does not allege that Defendants conspired with a state actor.

In the absence of an alleged conspiracy with a state actor, a private party can be held to be a state actor (1) where there is a sufficiently close nexus between the state and the challenged action of the private party so that the action of the party may be fairly treated as that of the state itself, (2) where the private party has exercised powers that are "traditionally the exclusive prerogative of the state," or (3) where the state has exercised coercive power or has provided such significant encouragement, either overt or covert, that the action of the private party must in law be deemed to

3

be that of the state. *Blum*, 457 U.S. at 1004; *see also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 (1982) (recognizing three tests for determining whether a private party is acting under color of state law: the public function test, the state compulsion test, and the joint action or nexus test).

Here, Plaintiff claims that Defendants are state actors because they are members of a reserve bank, which is a fiscal agent of the United States, making the banks actors of the state and agents of the United States. (doc. 14 at 3-4.) He does not allege any facts to support a finding that Defendants were state actors or engaged in anything but private conduct under any of the three tests for state action. Courts have found that banks or their employees do not perform a function that is traditionally the exclusive province of the state. *See Goolsbee v. Peirce*, No. A-15-CA-32-SS, 2015 WL 1607994, at *6 (W.D.Tex. Apr. 7, 2015); *see also Curley v. JP Morgan Chase Bank, N.A.*, No. 14-2633, 2014 WL 7186989, at *1, 3 (W.D. La. Dec. 15, 2014) (finding that a bank that denied the plaintiff's business loan applications was not a state actor); *Theard v. Bezetjoe*, No. 11-1502, 2011 WL 5183112, at *1-2 (E.D. La. Oct. 13, 2011) (finding that a bank that issued a credit card and allegedly allowed a disability insurance policy to lapse was not a state actor); *Smith v. Hill*, No. 2:05CV071KS-JMR, 2005 WL 1668426, at *2 (S.D. Miss. July 18, 2005) (finding that the bank where the plaintiff's deceased mother's assets were held was not a state actor for allegedly defrauding the plaintiff out of his inheritance); *Smith v. Debose*, No. 2:05CV25KS-JMR, 2005 WL 1668417, at *1 (S.D. Miss. July 18, 2005) (same); *Selver v. Washington Mut. Bank*, No. 3:02-CV-1333-D, 2003 WL 79337, at *1 (N.D. Tex. Jan. 8, 2003) (finding that a bank does not perform a function that is traditionally the exclusive province of the state when it handles home financing or foreclosures). The fact that the banks are subject to state regulation does not alone convert their action into state action. *See American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. at 52,

4

*citing Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 350 (1974). Plaintiff has failed to state a viable claim under § 1983 against Defendants, and his complaint should be dismissed.

## IV. RECOMMENDATION

The plaintiff's complaint should be **DISMISSED** with prejudice as frivolous under 28 U.S.C. § 1915A(b)(1) and 1915(e)(2)(B)(i). Such dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).

**SIGNED this 24th day of September, 2018.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE